United States District Court
Southern District of Texas

**ENTERED**
May 01, 2025
Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| BASIC ENERGY SERVICES, INC., | § | Civil Case No. 4:23-cv-02910 |
| *Debtors/Appellees,* | § | |
| | § | Bankruptcy Case No. 21-90002 |
| | § | |
| LIQUIDATION TRUSTEE DAVID DUNN, | § | |
| *Defendant,* | § | |
| | § | |
| PEDRO DE LA ROSA, ANGELINA DE LA | § | |
| ROSA, | § | |
| *Claimants.* | | |

### ORDER

Before the Court is Defendant Litigation Trustee David Dunn's ("Defendant") Motion for Summary Judgment on all claims asserted by Claimants Pedro and Angelina De La Rosa ("Claimants" or "Plaintiffs") against Basic Energy Services, LP. (Doc. No. 12). Claimants responded, (Doc. No. 13), and Defendant replied. (Doc. No. 14). The Court **GRANTS** Defendant's Motion for Summary Judgment in part.[1] (Doc. No. 12).

### I.    Background

The pending motion concerns a non-fatal, single-vehicle accident in which Plaintiff Pedro De La Rosa was injured in the scope of his employment with Basic Energy Services, LP ("Basic Energy"). (Doc. No. 12-1 at 11–12). Plaintiff was employed by Basic Energy as a vacuum truck operator, which consisted of loading and unloading water from oil wells and transporting it to other locations. (Doc. No. 12 at 7). On or about June 2, 2015, Plaintiff was driving at night when he

---

[1]    While Defendant's motion claims to move on all "claims against Basic Energy," (Doc. No. 12 at 10), Defendant's motion fails to address Plaintiff's post-accident claim even superficially. Plaintiff's post-accident claim alleges that an agent of Basic Energy intervened and obstructed the provision of medical care to the Plaintiff, and that this obstruction caused Plaintiff more physical harm than he otherwise would have suffered. (Doc. No. 12-2 at 23–25).

came upon a large pothole. (Doc. No. 12-4 at 47:21–48:11) (Plaintiff's Deposition Testimony). After attempting to "maneuver" around the pothole, Plaintiff stated that he came across "a large object" in the road—when he attempted to avoid hitting the object, the truck rolled over. (*Id.* at 54:16–55:10) ("It wasn't a vehicle or a person. It was just a large object. Could have been an animal . . . ."). Plaintiff was then taken to a hospital where he was treated for his injuries.

It is undisputed that, at the time of the accident, Basic Energy's employees were covered under a workers' compensation policy. (Doc. No. 12 at 7). Further, by the time that Plaintiff filed his suit, the policy had paid over $75,000 in benefits to Plaintiff and over $100,000 in medical expenses to Plaintiff's healthcare providers as a result of the accident. (Doc. No. 12-3 at 2–3).

In his First Amended Petition, Plaintiff alleges that the accident was caused by the actions of his supervisors at Basic Energy—specifically, that they forced him to drive long hours with the knowledge that he was tired and overworked. (Doc. No. 12-2 at 7–8). Specifically, Plaintiff alleges that his supervisors directed Plaintiff to continue driving for 12 hours after finishing a 19-hour shift only 5 hours before. (Doc. No. 14 at 2). Despite being informed that Plaintiff had only slept for three hours, Plaintiff's supervisor allegedly required him to continue driving and "disconnect the truck's timekeeping computer" to destroy the record of his over-hours driving. (*Id.*). Rather than an unfortunate but isolated incident, Plaintiff provides an affidavit from another Basic Energy employee stating that Basic Energy regularly required him to drive more hours than were allowed by Department of Transportation regulations. (Doc. No. 13-5 at 2). Finally, Plaintiff alleges that a Basic Energy supervisor destroyed his written driver's log to "conceal the number of hours that [Plaintiff] drove." (Doc. No. 13-3 at 3).

Plaintiff also alleges that, following the accident, an employee of Basic Energy was in his hospital room ordering his doctor not to perform medical care and demanding that Plaintiff be

released before any "further evaluation" could be performed. (Doc. No. 13-4 at 7). Plaintiff claims that the Basic Energy employee who was attempting to prevent him from receiving medical care told the Plaintiff it was to "avoid filling out the f—king OSHA paperwork." (*Id.*).[2] Based on the failure to provide a safe work environment, the consistent requirement that employees drive longer shifts than are allowed by law, and the alteration of his shift records, Plaintiff filed this suit against Basic Energy. (Doc. No. 12-1). Plaintiff's wife also brings a cause of action for "intentional loss of consortium, loss of counsel, loss of advice, and loss of care." (Doc. No. 12-2 at 27–28).

Defendant filed this motion for summary judgment because Plaintiff's tort claims based on the wreck are barred by Texas Workers' Compensation Act's ("TWCA") statutory scheme. *See* TEX. LABOR CODE § 408.001 *et seq*; (Doc. No. 12). Defendant argues that Plaintiff's suit is barred regardless of how he labels his claims. It argues that Plaintiff only alleges gross negligence— which is precluded by the TWCA's exclusive remedy provision. TEX. LABOR CODE § 408.001(a). Additionally, to the extent that Plaintiff does attempt to allege an intentional tort claim, it is precluded by the "Election of Remedies" doctrine. (Doc. No. 12 at 14).

Plaintiff argues that Defendant has failed to satisfy its burden as a matter of law because: (1) Defendant's motion is outside the scope of the Court's order limiting the topic for the motions; (2) Defendant fails to satisfy the heightened evidentiary standard for affirmative defenses; and (3) several fact issues exist to undercut the election-of-remedies defense. (Doc. No. 13 at 8).

## II.    Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P.

---

[2]    Plaintiffs are Pedro De La Rosa and his wife, Angelina De La Rosa. While the Court recognizes that both plaintiffs have separate claims, Angelina's claims are contingent on Pedro's and, thus, will be addressed secondarily in this Order. As such, the Court uses the singular "Plaintiff," referring to Pedro.

56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255.

The key questions on summary judgment are whether Plaintiff has pleaded a claim that is not statutorily barred, and whether there is evidence creating a fact issue upon which a reasonable factfinder could find in favor of the nonmoving party on that claim. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

## III.    Analysis

The Court finds that some of the Plaintiffs' claims, as pleaded, are barred by Texas law under the TWCA's exclusive-remedy provision. *See* Tex. Labor Code § 408.001(a). Due to the importance of the TWCA's scheme, the Court starts with an overview of the statutory structure, and then applies that statutory structure to the claims of both plaintiffs.

4

### A. The Statutory Structure

Originally codified in 1913, the Texas Workers' Compensation Act provides that statutory benefits are the exclusive remedy for a covered employee or his legal beneficiary against an employer for work-related injury or death. *See* TEX. LABOR CODE § 408.001(a) ("Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer or an agent or employee of the employer for the death of or a work-related injury sustained by the employee.").[3] The employee may "recover without establishing the employer's fault and without regard to the employee's negligence." *Kroger Co. v. Keng*, 23 S.W.3d 347, 349 (Tex. 2000). "In exchange, the Act prohibits employees from seeking common-law remedies from their employers by making workers' compensation benefits an injured employee's exclusive remedy." *TIC Energy & Chem., Inc. v. Martin*, 498 S.W.3d 68, 72–73 (Tex. 2016). "The Act ultimately struck a bargain that allows employees to receive 'a lower, but more certain, recovery than would have been possible under the common law.'" *SeaBright Ins. Co. v. Lopez*, 465 S.W.3d 637, 642 (Tex. 2015) (quoting *Kroger Co.*, 23 S.W.3d at 350).

Whether that bargain "violate[d] any of [employers' or employees'] fundamental rights," was decided by this Court three years later in *Middleton v. Texas Power & Light Co*. *See* 185 S.W. 556, 559 (Tex. 1916). Analyzing the TWCA and its consequences in detail, the Supreme Court of Texas easily answered no for employers because the TWCA left them "free to adopt its plan of compensation, or remain ungoverned by it." *Id.* As for employees, the Court held that the Legislature could substitute statutory remedies for those at common law. *Id.* at 560. Noting that

---

[3]    An exception in § 408.001(b) for certain wrongful death actions is not involved in this case.

Article I, § 13 of the Texas Constitution preserves for "every person for an injury done him . . . [a] remedy by due course of law," the Court stated that it was:

> not to be doubted that the Legislature is without the power to deny the citizen the right to resort to the courts for the redress of any intentional injury to his person by another. Such a cause of action may be said to be protected by the Constitution and could not be taken away; nor could the use of the courts for its enforcement be destroyed. This Act does not affect the right of redress for that class of wrongs. The injuries, or wrongs, with which it deals are accidental injuries or wrongs.

*Id.* Thus, the *Middleton* Court held that the TWCA did not preclude common-law claims made by employees regarding intentional injuries—only accidental injuries fell under the TWCA's exclusive-remedy provision. *Id.*

The current version of the TWCA was modified in 1993. *Wausau Underwriters Ins. Co. v. Wedel*, 557 S.W.3d 554, 562 (Tex. 2018). Three years later, in *Medina*, the Supreme Court of Texas noted that "[t]here is no express provision in either [the current Act] or the former act expressly excluding coverage for an injury resulting from an employer's intentional tort," but it nevertheless concluded that the current Act "embodies the rule of *Middleton* and its progeny." *Medina v. Herrera*, 927 S.W.2d 597, 600 (Tex. 1996); *see also Mo-Vac Serv. Co., Inc. v. Escobedo*, 603 S.W.3d 119, 121 n.3 (Tex. 2020). Relying on the RESTATEMENT (SECOND) OF TORTS, the Supreme Court defines "intent" as having two parts, one purposive—that "the actor desires to cause consequences of his act"—and the other shown by his "belie[f] that the consequences are substantially certain to result from it." *Reed Tool Co. v. Copelin*, 689 S.W.2d 404, 406 (Tex. 1985) (quoting RESTATEMENT (SECOND) OF TORTS § 8A (1965)). The Supreme Court of Texas has specified that "[t]he fundamental difference between negligent injury, or even grossly negligent injury, and intentional injury . . . is the specific intent to inflict injury." *Mo-Vac*, 603 S.W.3d at 125. Thus, the TWCA's exclusive-remedy provision bars suits for negligence and gross negligence but not intentional torts.

6

If the intentional-injury exception is triggered, however, there is a second analytical step. The "election of remedies" doctrine is an affirmative defense that, under certain circumstances, bars a person from pursuing two inconsistent remedies. *See generally Bocanegra v. Aetna Life Ins. Co.*, 605 S.W.2d 848, 850–52 (Tex. 1980) (noting that the election of remedies doctrine combines elements of estoppel, ratification, and unjust enrichment). The Supreme Court concluded that "an election will bar recovery when the inconsistency in the assertion of a remedy, right, or state of facts is so unconscionable, dishonest, contrary to fair dealing, or so stultifies the legal process or trifles with justice or the courts as to be manifestly unjust." *Id.* at 851.

Applied in the context of workers' compensation, the Supreme Court has held that the election-of-remedies doctrine can bar suits for intentional torts if a plaintiff has already elected to receive worker's compensation benefits. In *Massey*, the Supreme Court of Texas expressly stated that an employee's claim for workers' compensation and his or her claim against the employer at common law for intentional tort are mutually exclusive. *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 933 (Tex. 1983). As such, a plaintiff would have to choose between accepted worker's compensation benefits from the employer or pursuing a common-law action for the intentional tort. *See Medina*, 927 S.W.2d at 600.

In *Medina*, the plaintiff sued his employer when an employee assaulted him in the "course and scope" of his employment. *Id.* at 601. There, the Court held that the receipt of compensation benefits and an intentional tort claim based on actions "motivated by an employment-related dispute" were mutually exclusive for the purposes of the election-of-remedies doctrine. *Id.* at 602. ("The Workers' Compensation Act covers employees for intentional assaults committed by co-workers if the dispute underlying the assault is employment related.") (citing *See* TEX. LABOR CODE § 406.031(a)). In sum, the Court held that the plaintiff could have received workers'

7

compensation benefits and pursued an intentional tort suit against the co-worker individually, but the receipt of benefits and the suit against the employer were "mutually exclusive remedies." *Id.* at 602. Thus, if there is an intentional injury a defendant must show that a plaintiff elected to accept the compensation benefits instead of pursuing a common-law action for damages.

## B. Plaintiff's "Intentional Tort" Claim

Plaintiff's First Amended Petition alleges the claim at the root of this motion under the title "Intentional Tort Claims Against Basic Energy with Respect to the Truck Rollover." (Doc. No. 12-17 at 18). Plaintiff alleges the following:

> "Basic Energy desired at all relevant times to cause the consequences (including the injuries described in this Petition), or alternatively Basic Energy believed at all relevant times that said consequences are substantially certain to result from said acts and/or omissions. Basic Energy knew that it was subjecting its truck drivers to fatigue by virtue of requiring them to drive excessive hours and Basic Energy believed that injury-producing events were substantially certain to result therefrom, especially when traversing poorly-maintained dirt roads such as the roadway at issue.

> In addition, and in the alternative, Basic Energy intentionally failed to furnish a safe place to work including with respect to the conditions in which the Truck Rollover occurred and Basic Energy believed at all relevant times that Basic Energy's conduct was substantially certain to cause Plaintiffs' injuries."

(*Id.* at 19). Plaintiff bases his claim on what seem to be the repeated failures of Basic Energy to respect labor and safety regulations. Plaintiff argues that the alleged actions,[4] among others, are so egregious that they clearly reflect an intent to cause the wreck by forcing Plaintiff to drive in significant excess of a safe number of hours. (Doc. No. 13 at 10).

While the Court applies a summary judgment analysis, the Defendant's challenge also essentially argues that Plaintiff has failed to plead or provide evidence to support any intentional tort, as is required to avoid the application of the exclusive-remedy bar in the TWCA. The first

---

[4] *See supra* at page 2.

question for the Court, then, is whether Plaintiff actually pled an intentional tort. The Court finds that he did not plead an intentional tort for any pre-accident injuries. Despite calling his claim an "intentional tort," Plaintiff pled a standard gross negligence claim, which is covered by the TWCA, albeit occasionally adding the word "intentional" to his factual pleadings.

The Supreme Court of Texas has repeatedly clarified that "for the intentional-tort exception to . . . apply, the employer must believe that its actions are substantially certain to result in a *particular injury* to a particular employee, not merely highly likely to increase overall risks to employees in the workplace." *Mo-Vac Serv. Co., Inc. v. Escobedo*, 603 S.W.3d 119, 130 (Tex. 2020) (emphasis added). In *Mo-Vac*, the plaintiff had alleged that Mo-Vac "intentionally" placed drivers in a situation that was "substantially certain" to injure or kill drivers. *Mo-Vac*, 603 S.W.3d at 132. Despite the fact that the statement "parrot[ed] the language of the substantial-certainty test," the Court held the allegation insufficient because it did "not provide any specific evidence that Mo-Vac believed that [the plaintiff's] accident was substantially certain." *Id.*

The Plaintiff here suffers the same fate. Even taking all of Plaintiff's allegations as true, the intentional failure to train an employee, to force an employee to work long hours, to perform a dangerous task, or to violate safety regulations, does not constitute an intentional tort. *Reed Tool Co. v. Copelin*, 689 S.W.2d 404, 407 (Tex. 1985). Presuming that Plaintiff's supervisors were aware that Plaintiff was over-worked and exhausted, there is no evidence to support the idea that they intended him to be injured in a rollover accident caused by a "large object" in the middle of the road. In fact, presuming that Basic Energy knew Plaintiff's exhaustion created a more significant risk of harm, Plaintiff's own allegations only demonstrate that Basic Energy's actions knew its conduct was "merely highly likely to increase overall risks to employees in the

workplace"—a fact pattern already held to be insufficient to support an intentional-injury as a matter of law. *See Mo-Vac*, 603 S.W.3d at 130.

Even if his pleadings were sufficient, his summary judgment evidence is not sufficient to raise a material fact issue. To avoid summary judgment, Plaintiff must raise a fact issue to show that Basic Energy "intend[ed] the specific result, not merely the actions or circumstances leading up to the result." *Id.* at 127 (citing *Reed Tool Co. v. Copelin*, 689 S.W.2d 404, 406–07 (Tex. 1985)); *see also Crosstex N. Tex. Pipeline, L.P. v. Gardiner*, 505 S.W.3d 580, 605 (Tex. 2016) ("[T]o prove an intentional nuisance, the evidence must establish that the defendant intentionally caused the interference that constitutes the nuisance, not just that the defendant intentionally engaged in the conduct that caused the interference."). In other words, Plaintiff needed to plead and prove (or, in this context, at least raise a fact issue) that Basic Energy's conduct was intended to cause Plaintiff's wreck not merely intended to cause him to work longer and therefore expose him to driving at greater risk. He has done neither. As Plaintiff did not adequately plead or bring forth proof that the intent of Basic Energy was to cause Plaintiff's rollover accident, Plaintiff's "intentional tort" claim is barred the TWCA's exclusive-remedy provision.[5]

Further, Plaintiff's allegation that Basic Energy "intentionally failed to furnish a safe place to work" does not render his claim an intentional tort. Since "[t]he fundamental difference between negligent injury, or even grossly negligent injury, and intentional injury is the *specific intent to inflict injury*," *Reed Tool*, 689 S.W.2d at 406, "the intentional failure to furnish a safe place to work does not rise to the level of intentional injury except when the employer believes his conduct

---

[5]    Plaintiff also fails to explain his own testimony that his wreck was caused by his attempt to avoid a large pothole and a "large object" obstructing the road. Further, Plaintiff's arguments and evidence fail to support any suggestion that Basic Energy would have wanted to cause Plaintiff to wreck its truck if, as Plaintiff alleges, Basic Energy's only concern was maximizing profit. (Doc. No. 13-3 at 2).

is substantially certain to cause the injury." *Mo-Vac*, 603 S.W.3d at 126. Plaintiff has not provided evidence or even bare allegations that Basic Energy created an unsafe workplace *for the purpose of* causing Plaintiff to crash Basic Energy's truck. Further, there is no evidence to create a fact issue that Basic Energy employees thought it substantially likely that Plaintiff would crash that night after swerving to avoid a sizable pothole and an unknown "large object" in the road. Thus, Plaintiff cannot satisfy the requirements for the "intentional-injury exception." Finding that Plaintiff has not adequately alleged any intentional tort sufficient to trigger the "intentional injury" exception to the TWCA's exclusive-remedy provision, the Court **GRANTS** summary judgment. (Doc. No. 12).[6]

### C. Angelina De La Rosa's Tort Claim

Angelina De La Rosa's tort claims are also barred by the exclusive-remedy provision of the TWCA. When a spouse or family member's claim also arises because of their spouse's injury or "out of [the employer's] investigating, handling, and settling [the employee's] claim for workers' compensation benefits . . . an employee's spouse cannot bring a separate action alleging claims under the Act." *In re Crawford & Co.*, 458 S.W.3d 920, 928 (Tex. 2015) (per curiam). Consistent with the Act's treatment of employee's claims, the only exception is when there is evidence that "the employer's intentional tort caused the employee's injury." *Id.* (citing *Reed Tool*,

---

[6]    Since Plaintiff failed to overcome the exclusive-remedy provision of the TWCA, § 408.001(a) the Court need not address the potential application of the "election-of-remedies" doctrine. In addition, the Court notes that in order to prevail on the election-of-remedies issue, Plaintiff would have to both raise a genuine issue of material fact *and* tender back all compensation benefits he has received to date.

    Finally, regardless of whether the doctrine would bar Plaintiff's claims against Basic Energy, it would not bar any intentional tort claim that Plaintiff may have against any Basic Energy employees in their individual capacity.

610 S.W.2d at 738–39). Since Plaintiff's tort claim is within the exclusive jurisdiction of the

TWCA, and are not based on intentional injuries, Angelina De La Rosa's claim is also barred.[7]

## IV.    Conclusion

Upon consideration of the law and the parties' briefing, the Court finds that Basic Energy's

Motion for Summary Judgment is **GRANTED**, and all claims relating to the rollover accident

against Basic Energy are **DISMISSED** with prejudice. (Doc. No. 12). Plaintiffs' claims against

other defendants that are not parties to this proceeding are not properly before this Court, and

therefore are unaffected by the Court's ruling. Further, to the extent that Defendant intended to

move for summary judgment on Plaintiffs' claims against Basic Energy relating to conduct *after*

the rollover accident, the Court **DENIES** summary judgment.

SIGNED this _30_ day of April, 2025.

Andrew S. Hanen
United States District Judge

---

[7]    The First Amended Petition does not make abundantly clear whether Angelina De La Rosa also brings a claim based on the alleged post-accident conduct. To the extent that she does bring such a claim, that claim would remain in accordance with the Court's explanation in footnote one.