United States District Court
Southern District of Texas
**ENTERED**
January 15, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: | § |
| | § |
| BASIC ENERGY SERVICES, INC. | § |
| | § |
| | § CIVIL ACTION NO. 4:23-CV-02910 |
| | § |
| PEDRO DE LA ROSA, *et al.* | § |
| | § |
| Claimants | § |

## ORDER

Pending before the Court is Defendant Litigation Trustee David Dunn's ("Defendant") Second Motion for Summary Judgment on the remaining claims asserted by Plaintiffs Pedro and Angelina De La Rosa ("Claimants" or "Plaintiffs") against Basic Energy Services, LP ("Basic Energy"). (Doc. No. 21). Plaintiffs did not file a response and the time for doing so has passed. Having considered the motion and the applicable law, the Court GRANTS Defendant's Motion for Summary Judgment. (Doc. No. 21).

### BACKGROUND

This case concerns a non-fatal, single-vehicle accident in which Plaintiff Pedro De La Rosa was injured during the course of his employment with Basic Energy. (Doc. No. 21 at 1). Plaintiff was employed by Basic Energy as a vacuum truck operator, which consisted of loading and unloading water from oil wells and transporting it to other wells. (*Id.* at 3); (Doc. No. 21-1 at 6).[1]

---

[1] Plaintiffs are Pedro De La Rosa and his wife, Angelina De La Rosa. While the Court recognizes that both plaintiffs have separate claims, Angelina's claims are contingent on Pedro's claims regarding the accident. The Court, therefore, uses the singular "Plaintiff," referring to Pedro, in discussing the incident.

On or about June 2, 2015, Plaintiff was injured while transporting water from the "Endeavor Well" in Pecos County when he attempted to "maneuver" over a pothole and then avoid a "large animal" that came into his path on the road. (Doc. No. 21-1 at 10). Plaintiff's truck ultimately rolled over, resulting in injuries to Plaintiff.

Plaintiff was then taken by helicopter to the Odessa Medical Center, where he stayed for two days.[2] (Doc. No. 21-2 at 20) (77:18–78:8). Freddie Garcia, Basic Energy's Area Superintendent or manager for the Pecos office, was also at the Center at the same time. (*Id.* at 20) (78:11–82:9). Plaintiff was in need of stitches for his left eye cavity after the accident. (*Id.*) (78:17–21; 80:12–18). Garcia, however, allegedly instructed the doctor not to perform the medical procedure. (*Id.*). The doctor ultimately performed the procedure and inserted stitches on Plaintiff's left eye. (*Id.* at 21) (82:25–83:3). Additionally, while Plaintiff was at the hospital, Garcia allegedly told the doctor on repeated occasions not to perform further medical care on Plaintiff and asked the hospital to release Plaintiff from the hospital by the next day. (*Id.* at 20–21) (80:12–81:21). Plaintiff was released from the hospital the following day. (*Id.* at 21) (81:18–19; 83:6–8).

Prior to this motion, Defendant filed a motion for summary judgment arguing that Plaintiffs' tort claims based on the accident were barred by the Texas Workers' Compensation Act's statutory scheme. (Doc. No. 12). Additionally, Defendant argued that to the extent Plaintiffs attempted to allege an intentional tort claim, it was precluded by the "Election of Remedies" doctrine. (Doc. No. 12 at 14). This Court granted Defendant's motion in part, dismissing all claims against Basic Energy relating to the rollover accident. (Doc. No. 15). The Court, however, denied

---

[2] In Defendant's Motion, Defendant states that "[s]olely for the purposes of this Motion, the Liquidation Trustee concedes the factual accuracy" of the following facts. (Doc. No. 21 at 4 n.2).

Defendant's motion to the extent Defendant intended to move for summary judgment on Plaintiffs' claims against Basic Energy relating to conduct *after* the rollover incident. (*Id.*).

Now, Defendant seeks summary judgment regarding Plaintiffs' remaining claims against Basic Energy relating to conduct after the vehicle accident. Defendant contends that "there is an absence of proof in the record that the actions of Freddie Garcia, or any other employee, agent or representative of Basic Energy, proximately caused the Plaintiffs' injuries and, assuming *arguendo* that there is such proof, there is no proof that Basic Energy is liable under *respondeat superior* for the alleged consequences of any such actions." (Doc. No. 21 at 2). As noted, Plaintiffs failed to respond to Defendant's motion.

## LEGAL STANDARD

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence

raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

This Court's Local Rules state that "[f]ailure to respond to a motion will be taken as a representation of no opposition." S. Dist. Tex. L.R. 7.4; *see also* Hanen L.R. 7(D). As stated above, Plaintiffs failed to respond to Defendant's motion by the Court's October 9, 2025, deadline. Therefore, the local rules would allow the Court to grant Defendant's motion as it should be considered unopposed.

Nevertheless, the Fifth Circuit has explained that "although we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation." *See Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (citing *Johnson v. Louisiana*, 757 F.2d 698, 707–09 (5th Cir. 1985); *Ramsey v. Signal Delivery Serv.*, 631 F.2d 1210, 1213–14 (5th Cir. 1980)). In other words, where a party does not respond to a summary judgment motion, such failure does not permit the court to enter a "default" summary judgment. *Eversley v. MBank Dall.*, 843 F.2d 172, 174 (5th Cir. 1988). Thus, the Court will consider the merits of Defendant's motion.

## ANALYSIS

Under the summary judgment framework, once the movant (in this case, Defendant) carries its initial summary judgment burden, the burden shifts to the non-movant (Plaintiffs) to persuade the Court that the motion should not be granted by showing the existence of a genuine issue of

material fact. *Celotex*, 477 U.S. at 321–25; *Matsushita*, 475 U.S. at 587. Here, Defendant has provided sufficient evidence to meet its initial summary judgment burden regarding Plaintiffs' post-accident claims against Basic Energy.

Whether Plaintiffs' claims concerning Garcia's post-accident actions are framed as negligence or intentional tort claims, both require that Plaintiffs raise an issue of material fact supporting the allegations that Defendant's alleged attempts to interfere with Plaintiff's medical treatment caused Plaintiffs' injuries. *See Garcia v. United States*, 2024 WL 4438773 at *2 (S.D. Tex. Oct. 7, 2024); *McLaurin v. Waffle H., Inc.*, 178 F. Supp. 3d 536, 557 (S.D. Tex. 2016). In its motion, Defendant contends there is no evidence that Garcia's actions resulted in "any of the following: (a) the hospital and doctors withholding medical care to Mr. De la Rosa; (b) the hospital and doctors prematurely releasing Mr. De la Rosa from the hospital; and (c) Mr. De la Rosa's injuries that are independent and separate from the injuries Mr. De la Rosa incurred as a result of the vehicle accident." (Doc. No. 21 at 8). The only medical procedure that Plaintiff testified as being interfered with by Garcia was the stitches needed for his left eye. Notably, Plaintiff also confirmed that he still received said stitches. (Doc. No. 21-2 at 21) (82:25–83:5). Additionally, while Plaintiff testified that Garcia instructed the doctor to release him the next day, he did not provide evidence that such instruction caused his ultimate release or that the release was inappropriate. (*Id.* at 20–21) (78:21–23; 81:15–21).

Further, Defendant contends that, even assuming *arguendo* that Plaintiffs have evidence that Defendant's actions proximately caused Plaintiffs' injuries, "there is no evidence supporting liability of Basic Energy for any alleged damages under *respondeat superior*." (Doc. No. 21 at 8). "Under the theory of *respondeat superior* . . . an employer may be vicariously liable for the negligent acts of its employee if the employee's actions are within the course and scope of his

employment." *Berry v. Golla*, 2018 WL 1453275 (S.D. Tex. Mar. 23, 2018*), aff'd sub nom. Berry v. Missionaries of Co. of Mary, Inc.*, 770 F. App'x 716 (5th Cir. 2019). Defendant asserts that Plaintiffs have provided no evidence that Garcia was "acting in the scope of his employment with Basic Energy by performing any actions at the Odessa Medical Center, or that Basic Energy had the right to direct and control Freddie Garcia at the time." (Doc. No. 21 at 9).

The Court agrees with Defendant that Plaintiffs have not provided evidence to support any genuine factual dispute regarding their remaining claims. First, Plaintiffs did not provide evidence that Garcia's actions proximately caused Plaintiffs' injuries. There is no evidence in the record that Garcia's actions resulted in Plaintiff not receiving medical treatment or being released from the hospital prematurely. Second, even if Plaintiffs produced such evidence, they also did not provide any specific facts identifying a factual dispute regarding Basic Energy's liability for Garcia's actions under *respondeat superior*. Plaintiffs provided no evidence that Garcia was acting within the scope of his employment at the hospital or that Basic Energy had the right to control him while he was there. Plaintiffs, therefore, have not met their summary judgment burden regarding their remaining claims against Basic Energy.

Accordingly, Defendant is entitled to summary judgment on Plaintiffs' post-accident claims.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment. (Doc. No. 21).

Signed on this 15 day of January, 2026.

Andrew S. Hanen
United States District Judge